A. J. Kutz & Son, for use of Wm. B. Oyler, *v.* S. M. Skinner, Appellant.

*Justice of peace—Appeals nunc pro tunc—Laches—Discretion of court— Practice, C. P.*

The granting or refusing of an appeal nunc pro tunc from the judgment of a magistrate, is a matter of sound discretion. Where the transcript shows a continuance to a date fixed to enable defendant to produce his books of original entry, and a judgment for plaintiff, defendant having failed to produce the books, an allowance of an appeal nunc pro tunc by the justice, after delay of several years and an appeal filed after further delay, *held* such appeal was properly stricken off by the common pleas in the exercise of a sound judicial discretion.

Argued March 16, 1898. Appeal, No. 25, March T., 1898, by defendant, from definitive decree of C. P. Cumberland Co., Feb. T., 1897, No. 306, making absolute rule to strike off appeal from justice. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to strike off appeal from the judgment of the justice of the peace.

The facts sufficiently appear in the opinion of the court.

The court below made the rule to strike off absolute. Defendant appealed.

*Errors assigned* among others were (1) in its opinion it stating " although circumstances may be shown which will justify the granting or permission to take an appeal after the lapse of twenty days, such a state of affairs is exceptional and clearly does not exist in this case." (2) In stating " the record does not disclose that he was in any respect misled by the officer." (4) In making absolute the rule to strike off the appeal.

*H. S. Stuart* and *Robt. McCachran*, for appellant.—A valid judgment by default could not be given by a justice when in fact the record shows that no proofs were ever adduced before him for the purpose of sustaining the claim: McCowan v. Ward, 2 Pitts. Rep. 251.

When after final hearing of a case before a justice, he postpones his decision without fixing any day, the judgment entered by him afterwards, can only be regarded as a judgment from the day notice of such entry shall be given to the party against whom judgment is entered: Taylor v. Smith, 2 Clark, 318; Martin v. Wiggins, 1 Lanc. L. R. 141.

If the case is held under advisement, the time for taking an appeal runs from the time defendant has notice of the entry of the judgment, and the evidence to defeat the right of appeal must be clear and satisfactory: Frantz v. Dehart, 1 Pa. C. C. R. 5.

*S. M. Leidich,* for appellee.

OPINION BY WICKHAM, J., May 17, 1898:

Suit was brought by the plaintiff against the defendant, before a justice of the peace, on March 8, 1893. The summons was made returnable March 13, 1893, and what occurred then, and up to the time of entry of judgment, is best told by the following extract from the justice's record, to wit: " Parties met at time set, and tried to settle account, but failed to agree. Defendant asked for a short time to produce his books of original entries, which was granted, and after waiting until the date,

April 26, 1893, on defendant, and being told by me (the justice) several times to produce his book, and said defendant did not do so, give judgment publicly this date, April 26, 1893, for plaintiffs' claim of ($59.15) Fifty-nine Dollars and Fifteen Cents, and costs, by default, for defendant not producing his books."

The defendant paid no attention to the matter, until November 14, 1896, when he again appeared before the justice with an affidavit that he was not aware earlier that judgment had been entered against him, and demanded an appeal. The justice, who appears to have been throughout of a very accommodating disposition, promptly granted it, and regardless of the requirements of the act of assembly, accepted the defendant alone as bail for costs. The defendant then took another rest, and on January 29, 1897, filed his appeal, with the prothonotary, without asking permission of the court so to do, or giving the plaintiff any notice. Soon afterwards the use plaintiff, finding out what was going on, applied to the court to strike off the appeal, and his application was very properly granted.

The justice's record, as printed in appellant's paper-book, shows that the continuance asked for by the defendant, and allowed by the magistrate, was for a time certain, namely, "until the date, April 26, 1893," and it was defendant's duty to be then present. His failure to appeal was owing to his own negligence or want of desire to carry the case farther. But, conceding that the justice's record is defective in the respects complained of by the defendant, the defects add nothing to the latter's rights nor, considering his gross laches, to his equities, in the present proceeding. The alleged errors were the subjects of review on certiorari, and it might have been, too, that the court below, in its discretion, would have allowed the appeal, if the defendant had not taken over three and a half years to bring in his books, which presumably were intended to establish the defense of set-off.

The granting or refusing of an appeal nunc pro tunc, by the court below, is a matter of sound discretion. We see nothing in the record before us, to indicate that such discretion has been abused in the present instance. On the contrary, it appears to have been wisely exercised.

The order of the court below is affirmed at the appellant's cost.