## Wetherhold v. Rex.

*Justice of the peace—Record—Return of constable's service—Conclusiveness—Parol evidence.*

1. A constable's return, regular on its face, showing service, cannot be contradicted by parol evidence.

2. An appeal *nunc pro tunc* from a judgment of a justice of the peace cannot be allowed where the parol testimony advanced for relief contradicts the constable's return.

3. An appeal *nunc pro tunc* can only be allowed when the evidence which calls for its exercise is properly cognizable by a court of law.

Rule to show cause why an appeal *nunc pro tunc* from a justice's judgment should not be allowed. C. P. Lehigh Co., April T., 1920, No. 418.

*Thomas F. Diefenderfer*, for plaintiff.

*Hyman Rockmaker*, for defendant and rule.

RENO, J., Dec. 18, 1922.—We wish that we could grant the prayer of the petition. The depositions persuade us that, notwithstanding the constable's return, the petitioner was not served with the alderman's summons by "handing a true and attested copy thereof to an adult member of his family at his dwelling-house." They persuade us, also, that the petitioner, the defendant, had no knowledge of the pendency of the action or of the entry of judgment against him until advised thereof by letter of the alderman, dated almost two years after rendition of judgment. Unquestionably, such facts are a potent appeal for relief. Unfortunately, however, these facts constitute a direct contradiction of the constable's return, and that return is conclusive and cannot be contradicted by parol testimony: Holly v. Travis, 267 Pa. 136.

It is altogether true, as urged by petitioner, that the granting of an appeal *nunc pro tunc* is a matter resting within our sound discretion, which is not subject to appellate review except for manifest abuse: Kutz v. Skinner, 7 Pa. Superior Ct. 346. But the term "discretion" implies the absence of a hard and fast rule regulating our conduct: Norris v. Clinkscales, 47 S. Car. 488. It is sound discretion guided by law: Schlaudecker v. Marshall, 72 Pa. 200. It is not a license to a judge to substitute his will for that of the law: Osborn v. Bank, 22 U. S. 738. Therefore, it cannot be exercised when the evidence which calls for its exercise is not properly cognizable by a court of law. Or, to state the principle differently, the Supreme Court having determined that a constable's return may not be contradicted by parol testimony, we are not vested with power or discretion to grant relief predicated exclusively upon a consideration of such testimony.

Now, Dec. 18, 1922, the rule to show cause why an appeal *nunc pro tunc* should not be allowed is discharged.

From James L. Schaadt, Allentown, Pa.