## Rhine v. Calderwood.

*J. K. Johnston* and *Philip H. Johnston,* for petitioner.

*J. M. Keichline,* contra.

FLEMING, P. J., February 6, 1931.—This is a rule to show cause why an appeal *nunc pro tunc* should not be allowed. On September 7, 1929, the justice of the peace issued a summons in assumpsit, returnable September 14, 1929, between 9 A. M. and 10 A. M. The petition avers that the defendant appeared before the justice on the day previous to the return day and exhibited a check purporting to be a check given in payment of the debt for which the suit was brought. The further averment is made that the justice directed the defendant to leave the check with him and further stated that he, the defendant, did not need to attend the hearing. This the justice denies, and avers, on the contrary, that he instructed the defendant that if he, the defendant, had a defense he should appear on the day and at the time mentioned in the summons. Judgment was rendered in favor of the plaintiff and against the defendant. The justice asserts that the defendant came to his office at different times after judgment had been rendered, and within a period of twenty days, was thereupon advised of such entry and offered to pay the costs upon such judgment.

That the defendant came to the office of the justice of the peace on the day previous to the hearing is not denied. Such appearance, however, was not in compliance with the mandate of the summons. Nor could the justice of the peace legally terminate the proceeding prior to hearing, without the consent of the plaintiff. The plain duty of the defendant was to appear on the day and at the time mentioned in the summons, and to offer his defense, if any he had, to any claim advanced by the plaintiff. In any event, having been served with a summons in assumpsit and being informed thereby of the date and hour of the hearing, it became his, the defendant's, duty to ascertain whether a judgment had been entered against him or not, even though we accept as true his story that the justice had promised to dismiss the suit. Such failure to act plainly constitutes laches on the part of the defendant and forfeits defendant's right to an appeal *nunc pro tunc:* Kutz *v.* Skinner, 7 Pa. Superior Ct. 346.

While it might be conceded for argument's sake that the defendant was misled as to the entry of the judgment, there is nothing apparent upon the face of the record to indicate that defendant was misled as to the taking of . an appeal within twenty days. And this will be doubly true if the contention

of the justice is correct, that defendant appeared in his office on several occasions after judgment, and within twenty days thereafter, and made propositions as to the adjustment of costs, that portion of the matter in which the justice himself was personally interested.

Furthermore, we find this judgment to have been entered on September 14, 1929, an execution issued and sale bills posted, after levy, immediately following the expiration of the twenty-day period, while the petition now before us was not presented until January 25, 1930, almost four months thereafter. This is indicative of further laches on the part of the defendant.

And now, February 6, 1931, the rule heretofore issued upon plaintiff to show cause why an appeal *nunc pro tunc* should not be allowed is discharged, at the cost of the defendant.

From S. D. Gettig, Bellefonte, Pa.