Opinion by
 

 Stadtpbld, J.,
 

 This is an appeal from an order of the court below, striking off an appeal from a judgment in an action of assumpsit brought before an alderman and dismissing a rule to show cause why the appeal should not be perfected nunc pro tunc.
 

 The facts are undisputed and are correctly set forth
 
 *402
 
 in the opinion of the court below, Palmer, P. J., from which we quote in part as follows: “This case was heard on January
 
 25,
 
 1941, before Alderman Faulls of the First Ward of the City of Pottsville, who entered judgment in favor of the plaintiff and against the defendant in the sum of $211.78.
 

 “On January 30, 1941, the defendant by its attorney in fact, appeared before J. Edward Wetzel, an aider-man in the City of Lancaster, Pennsylvania, and made an affidavit for an appeal from the judgment of Aider-man Faulls. At the same time the defendant executed a bail bond in the amount of Five Hundred ($500) Dollars. Notice of the intention to appeal-was given to Alderman Faulls but the affidavit and the bond were not filed in his court.
 

 “The transcript of the record as prepared by Aider-man Faulls together with affidavit and the bond as taken before Alderman Wetzel were filed in the office of the Prothonotary of Schuylkill County on February 6, 1941.
 

 “On March 11,1941, the plaintiff caused a rule to be issued upon the defendant to show cause why the appeal as filed should not be stricken from the record. The defendant then entered a rule to show cause why an appeal from said judgment should not be perfected nunc pro tunc.”
 

 The failure to file the affidavit for appeal and bond with the alderman before whom judgment was entered and having the same made a part of the record, before the expiration of the twenty day period within which appeal must be taken, constitutes fatal error.
 
 Seltzer v. Cauley,
 
 12 Schuylkill Legal Record 87. The alleged appeal was a nullity and the petition of the appellant to perfect the appeal is in reality a petition to take an appeal nunc pro tunc.
 

 Where an act of assembly fixes the time within which an act must be done, as for example, an appeal taken, courts have no power to extend it, or to allow the act
 
 *403
 
 to be done at a later day, as an act of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc. The court “can no more enlarge the time than he can legislate in any other matter.” There must be fraud or its equivalent to permit an appeal nunc pro tunc: Wise
 
 v. Cambridge Springs Boro.,
 
 262 Pa. 139, 104 A. 863;
 
 Marcus v. Cohen,
 
 94 Pa. Superior Ct. 383.
 

 In
 
 Kaumagraph Co. v. Thissen Silk Co.,
 
 42 Pa. Superior Ct. 110, it was held that the neglect of counsel in reading only part of a notice intended to guide attorneys as to the dates of terms and the placing of a wrongful construction on such reading will not entitle a defendant to an appeal nunc pro tunc from the judgment of a justice of the peace after the time of appeal has expired.
 

 The procedure in the appeal in question is strictly statutory. The appellant claims that it should have been permitted to perfect its attempted appeal or allowed an appeal nunc pro tunc because its counsel claims that he was misled by the alderman’s notation on his transcript, “And Now, January, 1941, defendant takes out an appeal,” into believing that the appeal had been completed before the alderman.
 

 The notation in question was not misleading. The appellant was not misled by it. The transcript is dated January 25,1941, and no affidavit of appeal or bail was filed at that time. These were not executed by the representatives of the appellant until January 30,1941. The appellant made no attempt to effect an appeal until five days after the date of the transcript. By this act, appellant showed that it did not consider the transcript as an appeal. We do not feel that the alderman by his transcript misled the appellant. No fraud or its equivalent appears, nor is it alleged in this case.
 

 We see no error justifying a reversal in this case.
 

 Judgment affirmed.