## Caputo, Appellant, *v.* Love.

Argued May 6, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*J. Frank McAllister,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY RENO, J., July 16, 1943:

In the court below appellant moved to strike off an appeal from the judgment of a justice of the peace in an action where appellant was plaintiff. From the court's denial of his motion he appealed to us. The appeal presents the single question whether the appeal from the judgment of the justice was taken within the time fixed by the Act of March 20, 1810, P. L. 208, §4, 42 PS §662, that is, "within twenty days after judgment".

The transcript of the justice filed in the court below shows that judgment for appellant was entered on December 12, 1939, and that on "January 2, 1940, defendant [appellee] appears and appeals and is held in $50.00 as bail," etc. On the face of the record, the appeal was duly taken upon the last day of the required period.

Appellant not only moved the court below to strike off the appeal but also applied to the court of common pleas for a certiorari in response to which the justice transmitted a transcript of his docket and therein appeared this statement, not included in the transcript filed in the county court, "Now January 11 defendant lifts transcript and pays costs." The court of common pleas, however, set aside appellant's specifications of error "without prejudice to plaintiff in error [appellant] to proceed in the county court."

In the county court, appellant's petition to strike off and to take testimony was refused because, so Judge McBRIDE wrote, "On the allegations set forth in the motion and also from the oral argument before the court en banc, we cannot strike off the appeal. If the plaintiff had attached to his petition a deposition from the justice of the peace to the effect that the date of January 2, 1940 as set forth in the transcript was not

the true and correct date on which the appeal was taken, we might then have considered allowing testimony to be taken as to why the date the appeal was taken was incorrectly shown on the transcript. However, such an affidavit not having been attached to the plaintiff's petition, the date for taking the appeal as it appears in the transcript is controlling. We find, therefore, that the appeal from the judgment of the justice of the peace having been taken within the statutory period, the plaintiff's motion must be refused." After the appeal was taken to this court, upon the petition of appellant and appellee, we remitted the record to the court. Thereafter, testimony was taken but the court again denied the petition without filing an opinion.

The testimony of the justice disclosed that his docket set forth "Now, January 2, 1940, defendant requests transcript of the case for appeal. Transcript prepared." This entry upon his docket does not appear upon either of the transcripts to which we have already referred. He also testified that on January 2, 1940, he was requested "over the telephone" to prepare the transcript and that a further docket entry, not included in either transcript, shows that on "January 11, 1940, defendant furnishes bond, pays costs and lifts transcript." That, so the testimony established, was the fact. The bail was furnished, the costs were paid, the affidavit was taken, and the transcript was sealed and delivered on January 11.

Having thus been supplied with what was tantamount to a "deposition from the justice of the peace to the effect that the date of January 2, 1940, was not the true and correct date on which the appeal was taken," the court below should have experienced no difficulty in granting appellant's petition. For undoubtedly, leaving to one side the lifting of the transcript, bail was not entered, the affidavit was not taken and the costs were not paid until January 11th. This was too

late. "The failure to file the affidavit for appeal and bond with the alderman before whom judgment was entered and having the same made a part of the record before the expiration of the twenty day period within which appeal must be taken, constitutes fatal error." *Higgins v. The Educators*, 147 Pa. Superior Ct. 400, 24 A. 2d 19. There is a presumption that a justice's docket and transcript are regular and correct but when an appeal is taken and a motion to strike off is made upon the ground that they do not accurately state the time when the appeal was perfected, they may be impeached, and especially where, as here, the justice himself testifies that the transcript he filed is not a correct copy of his docket.

The judgment is reversed and the record is returned to the court below with instructions to strike off the appeal.