## Confluence Borough v. Thomas

*Frank Orban,* for Confluence Borough.
*Shaver & Heckman,* for defendant.

LANSBERRY, P. J., February 17, 1950.—John H. Thomas, a resident of Confluence Borough, was prosecuted on January 12, 1949, before the Burgess of Confluence Borough, charged with a violation of section 16 of the ordinance of the Borough of Confluence, and later on May 24, 1949, was found guilty of reckless driving. A fine of $2.50 and costs were imposed by the burgess and in default of payment, defendant was committed to the Somerset County jail. An appeal was subsequently docketed in the quarter sessions court, but upon petition to the court of common pleas, a certiorari nunc pro tunc was allowed by our predecessor in office. "The granting of an appeal nunc pro tunc, by the court below, is a matter of sound discretion": Kutz & Son v. Skinner, 7 Pa. Superior Ct. 346. This case being before the court on certiorari, only the record of the burgess may now be considered, but the record must show regularity of procedure and be sufficient in itself to sustain the conviction.

The legislature recognized the necessity of uniformity in the regulations pertaining to the operation of motor vehicles and the violations of those regulations. Accordingly, it provided in The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, sec. 1212, 75 PS §742(a), as follows:

"a. Prosecutions for offenses defined in this act, except as otherwise herein provided, shall be brought under this act and not under any local ordinance, rule or regulation."

Reckless driving is a specifically defined summary offense with a specific penalty provided in section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §481, and is not within the exceptions referred to in section 1212, supra. Accordingly, a prosecution for reckless driving must be brought under The Vehicle Code. However, where a prosecution for a summary offense for which there is a

specific penalty provided by The Vehicle Code has been brought under a local ordinance, as in the instant case, the same shall be deemed and considered as having been brought under The Vehicle Code: Section 1212, The Vehicle Code, 75 PS §742(*b*).

Assuming, therefore, as we do, that the Burgess of Confluence Borough sitting as the magistrate deemed and considered this prosecution for a summary offense as having been brought under The Vehicle Code, we are required to examine the record for regularity of procedure, a certiorari having been allowed nunc pro tunc. The record as transmitted to the court sets forth that it "is a correct copy of the Borough Docket", and bears the signature of the burgess; it is at best a memorandum of the case. The record filed in the court of common pleas in obedience to the certiorari does not set forth either in substance or abstract, nor have attached thereto a copy of section 16 of the ordinance under which the prosecution was brought. In Commonwealth v. Summers, 62 D. & C. 472 (1948) Wingert, P. J. said: "The record in a summary conviction must show that defendant was found guilty of some unlawful act which can, from the record, be identified as such." From the record as returned in this case, it cannot be said that this defendant was found guilty of an unlawful act.

In Sadler, Criminal Procedure in Pennsylvania, sec. 135, referring to the justice's return to a writ of certiorari, it is set forth that the magistrate should from his notes make up a full record of all the proceedings actually had by and before him and certify this to the court. This record fails to show the necessary legal proceedings before the burgess, and fails to identify the unlawful act which will support the conviction.

Because the record before this court is insufficient to sustain the conviction, the third assignment of error is sustained, the proceedings before the burgess are re-

versed, the prosecution is dismissed and the prothonotary is directed to remit to defendant the cash bail transferred to him by the clerk of the court of quarter sessions.