## Rhoads v. Schloss

*Louis Sager,* for petitioner.
*Randolph A. Warden,* for respondent.

FORREST, J., January 14, 1958.—This case came before us on petition for allowance of an appeal nunc pro tunc from a judgment for plaintiff of a justice of the peace.

The transcript of the justice shows that judgment was entered on January 7, 1957; that on the next day notice thereof was sent to the attorneys for the parties, and that on January 31, 1957, defendants paid the costs and posted security in the sum of $50 conditioned for the payment of all costs which may be legally recovered against them. On February 15, 1957, one of the defendants petitioned for a rule to show cause why an appeal nunc pro tunc should not be allowed. The court entered such a rule and plaintiff filed an answer to the petition. The petition alleges

that the judgment was entered more than 10 days after the last hearing and that the entry of such judgment violated the Act of March 22, 1877, P. L. 13, sec. 1, 42 PS §670. This section prescribes:

"It shall be the duty of justices of the peace . . . of this commonwealth to render judgment in any cause . . . pending before them, within a period of ten days after the evidence in said cause shall have been heard."

There seems to be no decision of our appellate courts settling the question of whether the act is mandatory, so that a judgment rendered in violation thereof is a nullity, or whether the act is merely directory. In Black v. Black, 12 Dist. R. 424, 427 (1903), the court decided that "the provision of the Act is directory, and that the magistrate's neglect of his duty does not affect the validity of the judgment". That opinion was called "very convincing" and was followed in Zamba v. Braziell, 35 D. & C. 679, 682 (1939), and we concur, deeming it unnecessary to make additional comment upon the subject.

Petitioner's second contention is that an appeal nunc pro tunc should be allowed because her impecunious circumstances prevented her from raising the special bail and costs until January 31, 1957, 24 days after judgment was given.

". . . In order to be effectual an appeal from a magistrate's judgment (or that of a justice of the peace) regularly entered must be taken within twenty days after judgment has been given. Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, §4, 42 PS §662": Adelman v. McShain, 148 Pa. Superior Ct. 138, 140 (1942).

"Where an act of assembly fixes the time within which an act must be done, as for example, an appeal taken, courts have no power to extend it, or to allow

the act to be done at a later day, as an act of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc. The court 'can no more enlarge the time than he can legislate in any other matter' ": Higgins v. The Educators, 147 Pa. Superior Ct. 400, 402 (1942).

Petitioner "urges upon us . . . that it was within the court's discretion to allow him to perfect his appeal nunc pro tunc. It is true that the court below had such discretionary power. A. J. Kutz & Son v. Skinner, 7 Pa. Superior Ct. 346, 348. But in order to justify the exercise of discretion, there must be something more than mere hardship or lack of diligence; there must be fraud or its equivalent . . .": Dougherty v. Greggs, 159 Pa. Superior Ct. 166, 169 (1946).

In this case, petitioner has alleged that impecunious circumstances caused the delay in taking an appeal. However, the cases cited hereinabove point out that mere hardship is not enough to justify the exercise of discretion to allow an appeal nunc pro tunc. Fraud or its equivalent must be shown, and it is in this respect that petitioner has failed to sustain the burden resting upon her.

In the petition for allowance of an appeal nunc pro tunc, defendant failed to "make affidavit in writing that the appeal is not for delay, but because (she) verily believes that injustice has been done". According to the Act of July 14, 1897, P. L. 271, sec. 1, as amended, 42 PS §919, no appeal shall be allowed from the judgment of a justice of the peace unless the appellant, or his attorney or agent, at the time of taking said appeal, shall make such affidavit. The court sua sponte granted a rule on plaintiff to show cause why defendants should not be permitted to amend their petition for appeal nunc pro tunc by filing the proper affidavit nunc pro tunc. However, since defendants

are not entitled to an appeal nunc pro tunc, it would be a vain thing to allow the amendment of the petition for such appeal.

And now, January 14, 1958, the rule to show cause why an appeal nunc pro tunc should not be allowed is discharged and petition is dismissed. The rule to show cause why defendants should not be permitted to amend their petition by filing an affidavit in compliance with the Act of July 14, 1897, P. L. 271, sec. 1, as amended, is also discharged.