Jane E. WILSON

v.

H. BROWN.

Civ. A. No. 23040.

United States District Court
E. D. Pennsylvania.

Sept. 3, 1958.

Daniel H. Shertzer, Lancaster, Pa., for plaintiff.

Daniel J. Di Giacomo, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

LEAHY, District Judge.

Plaintiff sued defendant for negligence. Defendant was a driver of a truck owned by the U. S. Post Office Department. He ran into the rear of plaintiff's automobile. She sued defendant before Henry M. Hoover, Alderman of the City of Lancaster for $403. Trial was held May 27, 1957. Defendant admitted liability but denied the amount of damages. Judgment was entered for plaintiff in the amount of $403. Defendant appealed to the Court of Common Pleas of Lancaster County. The record shows defendant took an appeal, filed the required affidavit; the appeal was not taken for purposes of delay; but, he failed to enter bail. Neither the Alderman's nor the Prothonotary's costs were paid. In fact, the appeal was not filed in the Prothonotary's Office until June 21, 1957. On August 2, 1957 plaintiff moved to dismiss the appeal to the Court of Common Pleas. Defendant was represented by John A. Erickson, Esq., Assistant U. S. Attorney who then filed a petition for removal to this Court under 28 U.S.C. § 1442(a) (1) before any order was entered dismissing the appeal. The appeal in the State proceedings was not entered until June 21, 1957 which was after the return day of the Court of Common Pleas of Lancaster County which fell on June 17, 1957.

1. The Act of 1810, § 4, P.L. 208, 42 P.S. § 923 provides, in appeal, for bail and the filing of the transcript of the record in the Prothonotary's Office on or before the first day of the next term of the Court of Common Pleas. Here the appeal was not taken within the twenty day statutory period. The appeal, therefore, had no effect. Law v. Groves, 47 Pa.Super. 411; Hocker v. Erb, 50 Lanc.Law Rev. 519. Section 4 of the Act of 1810, 42 P.S. § 916 provides for the filing of a bond for bail in the amount of the judgment rendered. See, 1 Binn's Justice 228. Failure to file such bail is fatal to an appeal. Higgins v. The Educators, 147 Pa.Super. 400, 24 A.2d 19; Caputo v. Love, 152 Pa.Super. 472, 33 A.2d 656. In fact, defendant signed a writing which was in bond form, but it was not filled in and was not executed by a surety in accordance with the statute. The appeal was plainly a nullity.

2. The removal to this Court was merely a procedural action. It could not affect the substantive rights of the litigants. The appeal to the Court of Common Pleas, in the State action was aborted. Removal to the United States District Court cannot invalidate the State judgment. Plaintiff argues that while an appeal in an action in the Pennsylvania Courts is not taken to any Federal Court, as there is no established procedure for doing so, nevertheless, it

is suggested this Court should adopt the procedure of the Court of Common Pleas of Pennsylvania and dismiss the appeal in the State action. The Federal District Court lacks such power. The original action upon which judgment for $403 has been rendered will be remanded to the State Court for such further action as counsel may deem meet. The appeal to this Federal Court will be dismissed.

An order may be submitted in accordance herewith.