## Beatrice v. Farina

*James L. Scarazzo*, for plaintiff.
*Alvah M. Shumaker*, for defendant.

HENDERSON, J., February 28, 1963.—This matter is before the court on plaintiff's motion to strike off defendant's appeal from a judgment entered by a justice of the peace in favor of plaintiff and against the defendant. The motion to strike off the appeal was filed because of the omission of the affidavit stating that the appeal was not taken for the purposes of delay.

The transcript from the justice of the peace shows that summons in trespass was issued on June 20, 1961, and that proper service was had. The transcript further shows that there was a hearing before the justice of the peace on June 28, 1961, and that the justice of the peace gave a judgment for plaintiff against defendant for damages in the sum of $240.42, plus costs of $13.

The transcript further shows that on July 12, 1961, defendant appealed, and bond of a corporate surety company in the amount of $253.42 was made a part of the transcript.

The transcript used by the justice of the peace is in printed form, and it contains a printed affidavit as follows:

"——————————— being duly sworn according to law, deposes and says that the appeal in the within case is not taken for the purpose of delay, but because deponent verily believes that injustice has been done."

Below this wording appears a line for the signature of the person appearing to take the affidavit as well as the following wording:

"Sworn and subscribed before me this 12th day of June, 1961. Signed: Daniel DeTullio (Seal). Alderman-Justice of the Peace. My Commission Expires first Monday of January, 19—."

Defendant alleges that the appeal should not be stricken because the transcript of appeal is regular on its face "with the sole exception that the affidavit of appeal was not signed by the defendant either personally

or by agent." Defendant takes the position that the affidavit of appeal, being signed by the justice of the peace and dated, shows that someone appeared and was sworn and that while the affidavit is not signed, this was obviously through the failure of the justice of the peace to direct that it be signed. Defendant claims substantial compliance with the Act of Assembly and asks that he be permitted to perfect the appeal.

The Act of July 14, 1897, P. L. 271, sec. 1, as amended by the Act of March 25, 1903, P. L. 61, sec. 1, 42 PS §919, governs this situation and reads as follows:

"That from and after the first day of July, one thousand nine hundred and three, no appeal shall be allowed from the judgment of a justice of the peace or alderman, unless the appellant, or his attorney or agent, at the time of taking said appeal, shall make affidavit in writing that the appeal is not for delay, but because he verily believes that injustice has been done."

There is no question but that under the laws of the Commonwealth of Pennsylvania the above entitled statute is mandatory in all its provisions and that:

"An affidavit of appeal must be timely filed in order to take an appeal from the judgment of a justice, alderman, or magistrate": 23 P. L. Encyc 237, §93.

"An affidavit for appeal from a justice of the peace must be filed with the justice of the peace who entered the judgment before the expiration of twenty days from such entry, and in the absence of fraud or its equivalent, the court may not permit an affidavit to be filed nunc pro tunc.

"It is the duty of a justice of the peace or alderman to inform an appellant that, in order to protect an appeal, he must execute the affidavit, and his failure to do so is a neglect appertaining to his official duty, enabling the appellant to file such affidavit nunc pro tunc.

"The affidavit must be in writing, but, mere defects of form will be disregarded, provided that there is a substantial compliance with the applicable statutes. . . .

"When an affidavit has been made in good faith, and within the time prescribed by law, it is usual to allow a defect to be cured, and the appellant may be permitted to amend it, or to file the required affidavit nunc pro tunc. Even when no affidavit has been filed, the appellant may be permitted to file it nunc pro tunc, provided that the appellant is able to show that he was originally prevented from filing it by fraud or its equivalent": 23 P. L. Encyc. 238-240, §93.

As can be seen from the quotations immediately above, where an affidavit which is defective in form is filed or even in cases where no affidavit is filed, the courts will sometimes permit such affidavit to be filed nunc pro tunc upon a showing of fraud or its equivalent. It is under this line of cases that defendant claims the right to file his proper affidavit at this time.

Defendant cites as authority for his position Wisloskie v. Nebroskie, 28 Northumb. 204 (1956), which is a case in which the affidavit was not filed and in which defendant requested permission to file the affidavit nunc pro tunc on the grounds that the alderman had informed defendant that he would take care of everything pertaining to an appeal. Judge Troutman of Northumberland County properly stated the law in this situation as follows:

"It is well settled that where the defendant in taking an appeal from an alderman fails to file an affidavit that the appeal is not for delay, but because an injustice has been done, the defect is not merely formal but substantial. Under such circumstances the defendant is in the same position as if no attempt to appeal had been made, and the substantial defect can not be cured by filing a proper affidavit nunc pro tunc. Devereaux v. Cannon, 13 North'd. Legal Journal 317, 318; Higgins v. The Educators, 147 Pa. Super. Ct. 400, 402.

"Due to the failure of the defendant to file the necessary affidavit, his appeal was not perfected. In order to be effectual an appeal from an alderman's judgment regularly entered must be taken within twenty days after judgment has been given. Act of March 20, 1810, P. L. 208, 42 P. S. Section 662. The defendant's request for leave to file the affidavit nunc pro tunc is really a request to extend the time for taking an appeal. Where an act of assembly fixes a time within which an act must be done, as for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a later date, as an act of indulgence. There must be fraud or its equivalent to permit an appeal nunc pro tunc. Higgins v. The Educators, supra; Adelman, Trustee v. J. McShain, Inc., 148 Pa. Super. Ct. 138, 140; Lillis v. Bateman, 59 Montg. Co. L. R. 273; R. T. Baudot v. J. Hill, 22 Lehigh Co. L. J. 331. The cases clearly hold that whatever discretion a court may have in permitting perfection of appeals where purely technical defects may exist in an affidavit or recognizance they can not, in the absence of fraud or its equivalent, forgive the failure to file an affidavit of bona fides within the specified time.

"We have then to determine if the defendant was prevented by fraud or its equivalent from executing the affidavit required by law."

Judge Troutman then refused the motion to strike off the appeal and allowed defendant ten days in which to file his affidavit. This was based on defendant's allegations that the alderman had informed him that he would take care of everything and that defendant relied completely upon this, as is seen from the following language:

"Since the alderman undertook to take care of everything pertaining to the appeal, it was part of his official duties to inform the appellant that it was necessary for him to make the required affidavit. Under the circum-

stances of this case, the defendant relied upon the fact that the justice would perform his official duties and the failure on the part of the alderman to inform the defendant as to the requirement of an affidavit, or his failure to have the defendant execute the proper affidavit, misled the defendant in this case."

In the case at bar, we find no allegations of any kind such as in the Wisloskie case which would take this case out of the general rule cited by Judge Troutman. Specifically, there is no allegation that the justice of the peace stated that he would take care of the appeal for defendant or any allegation that the defendant relied upon the justice of the peace to do so. Therefore, under the rule of the Wisloskie case, which is found to be the law in the Commonwealth of Pennsylvania, the motion to strike should not be granted.

Defendant cites as controlling Erdley v. Harpster, 11 D. & C. 211 (1928). In this case, an appeal affidavit which had been completely filled out and sworn but not signed was filed with the transcript. Judge Fleming of the Court of Common Pleas of Centre County held that under the theory of Womelsdorf v. Heifner, 104 Pa. 1, the appeal could be perfected. He specifically stated that:

". . . the justice of the peace certified that the appellant had appeared before him and had sworn and subscribed to the affidavit of appeal. Of course, he did not sign the affidavit, but it is plain that the reason for this omission was the evident failure of the justice of the peace to direct him so to do . . ."

Defendant's position in the case at bar is that the affidavit was not signed because the justice of the peace failed to direct appellant to do so.

In the Erdley case, Judge Fleming finds that the affidavit recited the exact amount of the judgment and costs, was signed by the justice himself, was supported by his official seal and the date of the expiration of his

commission. An examination of the incomplete appeal affidavit in the case at bar shows that the name of the person who allegedly appeared is not filled in, the affidavit is not signed, the justice of the peace has not supported the affidavit with his official seal and the date showing the expiration of his commission has not been completed. This would lead us to believe that in the opinion of the justice of the peace, the affidavit had not been properly taken, if an attempt to take the affidavit had even been made. However, the crucial factor which leads us to believe that no attempt was made to take the affidavit is the fact that the affidavit is dated June 12, 1961, and according to the transcript, this is eight days prior to the time the summons was issued and over two weeks prior to the time when hearing was held from which the appeal is allegedly taken. We must, therefore, assume that even though the appeal blank was signed by the justice of the peace, it could not apply to the appeal from this hearing and judgment since the date of his signature is substantially prior to the time of hearing. It is, therefore, found that defendant's claim of substantial compliance is not pertinent to the facts and that this case falls within the general rule rather than the exception.

Defendant also cites Steels v. Montgomery Ward and Company, 29 Wash. Co. 191, this being a case in which no affidavit was filed. The court held that this case falls within the exception to the general rule in that here again the finding was made that the justice of the peace understood that defendant desired him to do all that was necessary to be done in order to take an appeal. As has been said in the case at bar, no such allegation is made by defendant in any of the pleadings.

A reading of Higgins v. The Educators, 147 Pa. Superior Ct. 400 (1942), indicates that the court cannot as a matter of course assume that when no appeal affidavit is filed, it was left to the justice of the peace

with the understanding that he would do all things necessary to perfect the appeal. The court again holds that there must be fraud or its equivalent appear in the pleadings or testimony in order to permit an appeal nunc pro tunc. A misunderstanding of counsel for appellant is not proper basis for such an allowance.

In the case at bar, not only does it appear that there was no fraud or its equivalent, but nowhere is there any allegation of fraud or its equivalent.

We must hold in this case that since nothing has been shown to take the case out of the general rule and since nothing has been shown to place the case under the exceptions thereto, we must make the following

*Order of Court*

Now, February 28, 1963, the motion to strike off the appeal is hereby granted.