## Warner Hospital v. Miller

*John W. Phillips*, for plaintiff.

*Robert W. Geigley*, for defendant.

MacPHAIL, P. J., September 28, 1971.—This case is before us on a motion to strike an appeal taken from a judgment entered against defendant by a justice of the peace. The basis of the motion is that the appeal was taken after the 20-day appeal period had expired. A rule was issued against defendant and a hearing was held.

## FINDINGS OF FACT

1. Plaintiff sued defendant to collect a past-due account in the amount of $146.66 before a fee justice of the peace.

2. A hearing was held on April 20, 1971, at which hearing defendant was present and represented by counsel.

3. On April 23, 1971, judgment was entered by the justice of the peace against defendant in the sum of $113.96.

4. On April 23, 1971, the justice of the peace sent a letter to defendant informing her that judgment had been taken against her in the sum of $146.66.

5. Several days later the attorney for defendant called the justice of the peace about the notice received by his client. The justice of the peace said she would look at her records and then call the attorney.

6. On May 5, 1971, the justice of the peace informed the attorney that the wrong amount had been entered on the notice to defendant and that the correct amount of the judgment was $113.96.

7. Defendant filed an appeal from the judgment of the justice of the peace on May 14, 1971.

## DISCUSSION

It is plaintiff's position that the final judgment was entered on April 23, 1971, and that the appeal to this court was filed on the twenty-first day thereafter. Defendant argues that the 20 days commenced as of May 5, 1971, and that the appeal was timely filed.

Since the new rules of procedure for justices of the peace were not then in effect (Rules 1001-1015 of Rules of Civil Procedure for Justices of the Peace relating to procedure to perfect appeals became effective October 1, 1971), the provisions of the Minor Judiciary Court Appeals Act of December 2, 1968,

P. L. —, 42 PS §3001, et seq., were in effect. Section 3005 of that act provides that the appeal must be taken within 20 days from the date the final judgment is entered. Rule 322 of the Rules of Civil Procedure for Justices of the Peace states that judgment shall be given at the conclusion of the hearing or within five days thereafter and shall be entered on the complaint form. Rule 205(b) states that a copy of any record appearing on a form supplied by the State Supreme Court Administrator shall be considered to be a sufficient transcript of the record "including any *judgment,* order, or other disposition contained therein." (Italics supplied.)

At the hearing before us in the within case, a copy of the State Administrator's form, although not certified, was identified by the justice of the peace as being the form used in the proceeding before her. The justice of the peace testified that she entered judgment against defendant on April 23rd in the sum of $113.96 as shown on that form. From this evidence we are satisfied that final judgment was taken against defendant on April 23, 1971.

All that remains for disposition by this court is the issue of whether defendant's notice, which gave the judgment in an incorrect amount, in some way renders the judgment of April 23rd infirm or extends the time for the filing of an appeal. Rule 324 sets forth that notice of judgment shall be made in writing. It does not state when such notice shall be given, what the effect of such notice shall be, or what would happen if such notice is not given at all. This leads us to conclude that it is the information recorded by the justice of the peace in her records that fixes the time of judgment and not the written notice to defendant. For the same reason we conclude that the appeal period in this case began to run on April 23.

We also note in passing that the answer filed by defendant to plaintiff's petition does not state that the appeal should be allowed because the amount set forth in the notice was incorrect, but, rather, because defendant felt that judgment should have been rendered in her favor. It thus appears that the amount of the judgment was not material in fixing the time when the appeal period should run. The justice of the peace testified that defendant's counsel told her it was not even necessary for her to send a corrected written notice of the judgment. This is further evidence of the fact that the amount of the judgment was not critical to a determination of whether or not an appeal should be taken.

## CONCLUSIONS OF LAW

1. Final judgment was entered against defendant in the within action on April 23, 1971.

2. The notice of judgment sent to defendant setting forth an erroneous amount neither rendered the judgment infirm nor extended the time for the filing of an appeal.

3. The 20 days allowed for the filing of an appeal expired on May 13, 1971. This court can neither extend nor override a statutory provision which fixes the time within which an appeal may be taken: Higgins v. The Educators, 147 Pa. Superior Ct. 400 (1942).

4. The within appeal was filed after the time for filing such an appeal had expired.

## ORDER OF COURT

And now, September 28, 1971, plaintiff's motion to strike defendant's appeal is sustained and it is ordered that the appeal be and it is hereby stricken. The case is remanded to the issuing authority for further proceeding consistent with law.