## H & K Surveying/Engineering, Inc. v. Randazzo

*David L. Williams,* for plaintiff.
*Eugene C. LaManna, Lawrence M. Delvecchio,* for defendant.

ECKMAN, *J.,* January 2, 1985—Before the court is the petition filed by defendant, Frank Randazzo, t/d/b/a Rand Realty, for leave of court to file an appeal nunc pro tunc, and answer and new matter thereto filed by plaintiffs, H. & K. Surveying/ Engineering, Inc., and John M. Huck.

On July 5, 1984, plaintiffs filed a complaint against defendant in the office of District Justice Nancy G. Hammil of Lancaster County Magisterial District 02-3-07. Defendant and his attorney, Eugene C. LaManna, Esq., elected not to contest the complaint and to file an appeal after a default judgment was entered against defendant, which occurred on August 2, 1984. On or about August 4, 1984, defendant received notice of the default judgment and mailed the notice to Mr. LaManna. Before Mr. LaManna received the notice he discovered that he was suffering from Hodgkins Disease. As a re-

sult, Mr. LaManna's law practice was disrupted and temporarily suspended. Despite the efforts of other members of Mr. LaManna's law firm to assume Mr. LaManna's workload, the 30 days time limitation for filing an appeal* passed without an appeal being filed on defendant's behalf.

On or about September 27, 1984, defendant filed a petition for leave of court to file an appeal nunc pro tunc. This petition was dismissed by this court by an order dated October 1, 1984, because the petition failed to specify the reason why the appeal was untimely filed. Defendant filed the instant amended petition on October 11, 1984, and plaintiffs filed their answer and new matter on November 14, 1984. Briefs having been submitted by the parties, the matter is ready for disposition.

Statutory time limitations for filing an appeal are jurisdictional and may not be extended as a matter of grace or indulgence. Maxton v. Phila. Housing Authority, 308 Pa. Super. 444, 454 A.2d 618 (1982). The general rule is that the statutory time limitation for filing an appeal may not be extended "in the absence of fraud, or its equivalent, or some breakdown in the court's operation." Maxton v. Phila. Housing Authority, supra, 308 Pa. Super. at p. 448. The fact that an appeal was untimely filed due to the negligence of the appellant's attorney is not a sufficient reason to justify an extension of the statutory time limitation. See Bass v. Commonwealth of Pa. et al., 485 Pa. 256, 401 A.2d 1133 (1979).

The Pennsylvania Supreme Court, however, has held that where an appeal was untimely filed because the secretary of appellant's attorney, who was

---

*Judicial Code, Act of July 9, 1976, P.L. 586, §2 as amended April 28, 1978, P.L. 202, §10(67); October 5, 1980, P.L. 693, §501(a); 42 Pa. C.S. §5571(b).

in charge of filing appeals, was ill an appeal nunc pro tunc should be permitted. See Bass v. Commonwealth of Pa. et al., supra. In Bass, the court distinguished cases involving attorney negligence and concluded that members of the public should not lose their day in court because of their attorneys' non-negligent failure to file timely appeals. There the court emphasized that the petition to file an appeal nunc pro tunc was filed only four days after the normal appeal period expired.

Instantly, although defendant filed the initial petition to file an appeal nunc pro tunc approximately 26 days after the statutory appeal period expired, we cannot find that defendant's attorney acted negligently under the circumstances presented. We see no compelling reason to distinguish the present facts from the facts presented in Bass v. Commonwealth of Pa. et al., supra.

Accordingly, we enter the following

### ORDER

And now, January 2, 1985, the court orders that the petition for leave of court to file an appeal nunc pro tunc filed by defendant, Frank Randazzo t/d/b/a Rand Realty, is granted. Defendant is given 20 days from the date of this opinion to file an appeal from the default judgment.