454 A.2d 618

**Vivian MAXTON, Appellant,**

v.

**PHILADELPHIA HOUSING AUTHORITY.**

Superior Court of Pennsylvania.

Argued June 4, 1982.

Filed Dec. 30, 1982.

446

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

Arthur Edgar Schmidt, Philadelphia, for appellant.

Harold L. Frank, Philadelphia, for appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

In 1972 public housing tenants in Philadelphia brought suit in federal court against the Philadelphia Housing Authority[1] in order to secure their procedural due process rights. A consent decree was entered in 1974 and amended in 1978. The 1978 amendment dealt with the tenants' grievance procedure. It provided, at paragraph 3 of the stipulation of counsel which was approved and adopted by the court[2]:

> If either party should appeal an arbitration award, such appeal shall be governed by the provisions of the Pennsylvania Arbitration Act of 1927. A party contesting an arbitrator's award shall have thirty (30) days to notify the other party of its intention of appealing, and sixty (60) days thereafter to perfect said appeal.

The Pennsylvania Arbitration Act of 1927[3] was repealed by the Act of October 5, 1980, P.L. 693, No. 142, § 501(c). It was replaced by the Uniform Arbitration Act, Act of October 5, 1980, P.L. 693, No. 142, § 501(a), 42 Pa.C.S.A. §§ 7301 et seq. (Purdon Pamp.1982).

1. *Brown v. Philadelphia Housing Authority,* Civil Action No. 72–2083 (E.D.Pa.1972). *See* Brief for Appellant at 8.

2. *Brown, supra* note 1, order filed April 24, 1978.

3. Act of April 25, 1927, P.L. 381, No. 248, § 1, codified at 5 P.S. § 161 et seq. (Purdon 1963).

The Pennsylvania Arbitration Act of 1927 provided, at 5 P.S. § 173, that notice of a motion to vacate, modify, or correct an award should be filed within *three months* after the award was filed or delivered. The current Uniform Arbitration Act, in force since 1980, provides that an application for vacating or modifying or correcting an arbitrator's award shall be made within *thirty days* of delivery of the award. 42 Pa.C.S.A. §§ 7314(b), 7315(a).

In March 1980, the appellant in this case, a tenant of the Philadelphia Housing Authority, requested an adjustment in her rent, based on a federal regulation which allows a deduction, for certain medical expenses, from a tenant's gross income in the computation of the adjusted income on which the rent is based.

Appellant's reason for requesting the medical expense deduction was that her son suffers from juvenile diabetes mellitus, which can be controlled, *inter alia*, by a nutritionally balanced diet, consisting of three balanced meals and three nutritious snacks per day, of low carbohydrate and high protein, and avoiding "junk foods." [4]

Appellant's request was denied. Appellant thereupon requested a grievance hearing before an arbitrator in accordance with the consent decree's grievance procedure. The arbitrator concluded that the diet prescribed for appellant's child was not a medical expense, and denied her request for rent reduction. The award was entered on April 23, 1981.

On July 22, 1981, appellant filed her petition to modify or correct the arbitration award. The Court of Common Pleas of Philadelphia County dismissed the petition with prejudice on two grounds: first, that under the Uniform Arbitration Act, the petition was filed after the passing of the statutory time limit for the filing of such a petition, and, second, that the petition did not allege any of the material facts or errors which, under the Uniform Arbitration Act, a court is empowered to review.

**4.** *See* Exhibit B attached to appellant's petition to modify or correct the arbitration award.

The appeal from the court's dismissal of the petition presents for our review the question whether the language in the consent decree as to the applicability of the now-re-pealed Arbitration Act of 1927, controls, so that (1) the statute of limitations and (2) the standard of review of the old Act are still in effect as to those parties to the decree.

■ In Pennsylvania, a consent judgment is a contract between the parties, as our appellate courts have stated:

"A consent decree is not a legal determination by the court of the matters in controversy but is merely an agreement between the parties—a contract binding the parties thereto to the terms thereof." *Universal Builders Supply, Inc. v. Shaler Highlands Corp.*, 405 Pa. 259, 265, 175 A.2d 58, 61 (1961). *See also, Commonwealth v. United States Steel Corp.*, 15 Pa.Commw. 184, 190, 325 A.2d 324, 328 (1974). Our courts have also stated that the terms of a consent decree cannot be modified in the absence of fraud, accident or mistake. *Commonwealth v. United States Steel Corp.*, 15 Pa.Commw. at 190, 325 A.2d at 328.

■ It is also the law in Pennsylvania, however, that statutory time limitations for appeal are jurisdictional matters. They go to the *competence* of the court to hear the matter. Time limitations cannot be extended as a matter of grace or indulgence. *See West Penn Power Co. v. Goddard*, 460 Pa. 551, 556, 333 A.2d 909, 912 (1975); *Luckenbach v. Luckenbach*, 443 Pa. 417, 418, 281 A.2d 169, 169 (1971); *Dougherty v. Commonwealth Dept. of Public Welfare*, 62 Pa.Commw. 15, 19, 434 A.2d 914, 917 (1981); *Wechsler v. Newman*, 256 Pa.Super. 81, 89, 389 A.2d 611, 615 (1978); *MacKanick v. Rubin*, 244 Pa.Super. 467, 470, 368 A.2d 815, 817 (1976); *Higgins v. The Educators*, 147 Pa.Super. 400, 402, 24 A.2d 19, 20 (1942). The courts have no power to extend statutory appeal time or to allow an appeal nunc pro tunc in the absence of fraud, or its equivalent, or some breakdown in the court's operation. *Id.*

■ It is also the rule that parties cannot by agreement confer jurisdiction on a court. *Central Contracting Co. v.*

*Youngdahl & Co.,* 418 Pa. 122, 132, 209 A.2d 810, 816 (1965); *Stadler v. Borough of Mt. Oliver,* 373 Pa. 316, 318, 95 A.2d 776 (1953); *Wechsler v. Newman,* 256 Pa.Super. 81, 89, 389 A.2d 611, 615 (1978); *MacKanick v. Rubin,* 244 Pa.Super. 467, 471, 368 A.2d 815, 818 (1976).

■ Despite the contractual agreement that the Act of 1927 was to be applied to grievances by tenants against the PHA, and that appeal to the courts from an arbitrator's award should be filed within 90 days, the new Act provides that the petition to modify the award be filed within 30 days. In other words, the court is not now competent to entertain a petition filed after the 30 days. The lower court therefore did not err in dismissing the petition.

The lower court also found that the petition did not allege material facts or errors which would support the court's review. Section 501(a) of the Uniform Arbitration Act provides for modification or correction of an award by the court where:

(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) the award is deficient in a matter of form, not affecting the merits of the controversy.

42 Pa.C.S.A. § 7315(a) (Purdon Pamp.1982). The Act contains a savings clause, *see* section 501(b) of the Act, which provides that under agreements made expressly providing for arbitration under the Arbitration Act of 1927 the court may apply the standard for review contained in section 501(a), codified at 42 Pa.C.S.A. § 7302(d)(2) as follows:

Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary

to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

This savings clause however does not save the repealed act's time limitations. Even were the court to deem that the arbitrator's decision was contrary to the law, the untimeliness of the petition to the court deprived the court of jurisdiction to examine the merits of the controversy.

The order of the court dismissing the petition is affirmed.