501 A.2d 273

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Roland SMITH, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 13, 1985.

Filed Nov. 29, 1985.

John A. Halley, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, President Judge, and ROWLEY and WIEAND, JJ.

WIEAND, Judge:

Roland Smith, Jr. was tried by jury and was found guilty of involuntary deviate sexual intercourse.[1] Timely post-trial motions were dismissed, and the trial court sentenced

---

1. Charges of rape and unlawful restraint were dismissed by the court.

Smith to not less than six nor more than twelve years in prison. The judgment of sentence was affirmed per curiam by the Superior Court on May 28, 1982. A P.C.H.A. petition filed during the pendency of the direct appeal was dismissed because the trial court lacked jurisdiction to hear it. In March, 1983, Smith filed a second P.C.H.A. petition. Counsel was appointed to represent Smith, but thereafter the petition was dismissed without hearing on October 18, 1983. In response to a petition for reconsideration, the P.C.H.A. court vacated its prior order and, on November 9, 1983, gave Smith a period of twenty days within which to file a reply to the answer which the Commonwealth had filed to Smith's P.C.H.A. petition. A reply was thereafter filed, and an evidentiary hearing was held. On April 30, 1984, the court entered an order denying relief. Smith did not file a timely appeal from the court's order.

On July 18, 1984, Smith filed a petition for permission to appeal nunc pro tunc from the order denying post conviction relief. Attached to his petition was a copy of a letter which bore the date of May 12, 1984, and contained language directing counsel to file an appeal from the order denying appellant's P.C.H.A. petition. With respect to the copy of the May 12 letter, the petition recited:

4. By letter dated June 30, 1984, Mr. Smith indicated [to counsel] that he had mailed a request to counsel in May, 1984, asking for an appeal to the Superior Court. Mr. Smith included a copy of a letter he states was sent on or about May 12, 1984, to counsel. Copies of these letters have been attached to the petition and are labeled Exhibits C and D.

5. Counsel did not receive the letter dated May 12, 1984, until he received the June 30, 1984, letter from Mr. Smith.

6. Counsel believes and, therefore, avers that Mr. Smith desired to timely appeal the denial of post conviction relief dated April 30, 1984.

The trial court determined that the reasons alleged in Smith's petition were inadequate to support an appeal nunc pro tunc and, by order dated July 24, 1984, denied the requested relief without hearing. This appeal followed.

The law is clear that an appeal must be filed within thirty days after entry of the order from which the appeal is taken. *Commonwealth v. Molyneaux*, 277 Pa.Super. 264, 265, 419 A.2d 763, 764 (1980); *Commonwealth v. Gottshalk*, 276 Pa.Super. 102, 104, 419 A.2d 115, 116 (1980); 42 Pa.C.S. § 5571; Pa.R.App.P. 903(a). Timeliness of an appeal is jurisdictional. *Maxton v. Philadelphia Housing Authority*, 308 Pa.Super. 444, 448, 454 A.2d 618, 620 (1982); *Commonwealth v. Molyneaux, supra* 277 Pa.Super. at 266, 419 A.2d at 764; *Commonwealth v. Gottshalk, supra.* A court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence. *Bass v. Commonwealth*, 485 Pa. 256, 259, 401 A.2d 1133, 1135 (1979); *West Penn Power Co. v. Goddard*, 460 Pa. 551, 556, 333 A.2d 909, 912 (1975); *Dixon Estate*, 443 Pa. 303, 305, 279 A.2d 39, 40 (1971); *Maxton v. Philadelphia Housing Authority, supra.* "Only where there are circumstances such as ineffectiveness of counsel, fraud, or a breakdown in the court's operations is an appeal *nunc pro tunc* justified." *Commonwealth v. Frazier*, 324 Pa.Super. 334, 339, 471 A.2d 866, 868 (1984). See also: *Bass v. Commonwealth, supra* (only fraud or breakdown in the court's operations may justify an appeal *nunc pro tunc*); *West Penn Power Co. v. Goddard, supra* (same); *Commonwealth v. Ritchie*, 298 Pa.Super. 165, 168, 444 A.2d 712, 714 (1982) (a defendant is entitled to effective assistance of counsel on appeal and such assistance includes counsel's assistance in perfecting an appeal); *Marcinak v. Lavery*, 286 Pa.Super. 92, 96, 428 A.2d 587, 589 (1981) (time for filing an appeal can only be extended where there is fraud or a breakdown in the court's operations). Negligence on the part of the appellant does not justify the granting of an appeal nunc pro tunc. *Bass v. Commonwealth, supra; Tarlo v. University of Pittsburgh*, 66 Pa.Cmwlth. 149, 151, 443 A.2d 879, 880 (1982).

■ None of the circumstances which will justify an appeal nunc pro tunc have been alleged in appellant's petition. He has not alleged that counsel was ineffective; he has not alleged fraud; and he has not alleged that there was a breakdown in the court's operations. The author of the dissent would remand for a hearing to determine if possibly "someone in the prison ... had been negligent in mailing appellant's letter to counsel asking that counsel file an appeal." However, appellant has not alleged that anyone at the prison was negligent. He has merely produced a copy of a letter which, admittedly, his attorney never received and which, according to his later letter, he had placed in a prison mail box.[2] There is no averment any place in Smith's petition that the letter requesting counsel to take an appeal was placed in an envelope properly addressed and stamped before it was placed in a prison mail box. The only thing that can be determined definitely from appellant's petition is that his counsel never received a request to file an appeal and that appellant, in a later letter to counsel, produced a copy of an earlier letter which, he said, he had placed in a prison mail box.

To permit an appeal nunc pro tunc under these facts would mark a clear departure from legislative and judicial proscriptions against untimely appeals. See: *Bass v. Commonwealth, supra* 485 Pa. at 265–266, 401 A.2d at 1138 (Denial of Application for Reargument; Roberts, J., dissenting). In *Bass*, in a similar context, Justice Roberts observed:

> [t]he statutory thirty day filing requirement is a legislative determination that appeals if taken must be within that period. That requirement is a legislative judgment that statutory timely appeals and adjudicative finality advance the quality of our jurisprudence.
>
> ... [An] arbitrary departure ... from the fixed statutory time limits for filing appeals will surely come as a

---

**2.** The paragraph quoted in the dissenting opinion was taken from Smith's letter to counsel of June 30, 1984.

startling and unwelcome surprise to the bench, bar and particularly the Legislature.

*Id.*, 485 Pa. at 266, 401 A.2d at 1138. (Denial of Application for Reargument; Roberts, J., dissenting). Because Smith did not allege in his petition the existence of either ineffective assistance of counsel, fraud or breakdown in the court's operations, the trial court properly enforced the thirty day limitation on the right of appeal. There was no error in the dismissal of Smith's petition for permission to file an appeal nunc pro tunc.

Affirmed.

SPAETH, President Judge, files a dissenting opinion.

SPAETH, President Judge, dissenting:

I dissent because I should find appellant entitled to a hearing on his petition to appeal *nunc pro tunc.*

In *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979), the Supreme Court reiterated that the period for filing an appeal may be extended where there is fraud or breakdown of the court's operation. In addition, the Court held that the non-negligent failure of an attorney to file a timely appeal may also provide a basis for allowing an appeal *nunc pro tunc. Id.*, 485 Pa. at 260, 401 A.2d at 1135. *Cf. Commonwealth v. Keys,* 313 Pa.Super. 410, 460 A.2d 253 (1983) (applying *Bass* to criminal case but finding that untimely filing was not due to non-negligent conduct). "[I]t has also now been held that where the appellant has not been negligent, negligent acts by a third party not part of the litigation process will also excuse an untimely filing and permit an appeal *nunc pro tunc. Walker v. Commonwealth, Unemployment Compensation Board of Review,* 75 Pa.Cmwlth. 116, 461 A.2d 346 (1983) (failure of post office to forward notice of referee's decision allegedly resulted in untimely filing of appeal)." *Roderick v. Commonwealth, State Civil Service Commission,* 76 Pa. Cmwlth. 329, 332, 463 A.2d 1261, 1263 (1983).

On July 18, 1984, appellant filed a Petition for Permission to File a Notice of Appeal Nunc Pro Tunc from the April 30, 1984, order denying him relief under the Post Conviction Hearing Act, 42 Pa.C.S. § 9541 *et seq.* Appellant alleged that "he had mailed a request to counsel in May, 1984 asking for an appeal to the Superior Court", and that "[c]ounsel did not receive the letter dated May 12, 1984, until he received the June 30, 1984, letter from Mr. Smith [appellant]." Petition, ¶¶ 4, 5. Attached to the petition were copies of correspondence between appellant and his counsel. In his letter of June 30, 1984, appellant wrote his counsel:

> I cannot understand how this letter [letter of May 12, 1984, requesting counsel file appeal] failed to reach your Office. I had placed this letter in the Institution's [where appellant was incarcerated] Mail Box., somehow, this communique has been lost or misplaced. This of course is not my fault.
>
> Petition, Exhibit C.

In these circumstances I believe that the trial court should have held a hearing on whether appellant's appeal had been untimely filed because someone in the prison where appellant was incarcerated had been negligent in mailing appellant's letter to counsel asking that counsel file an appeal. *Bass v. Commonwealth, supra; Roderick v. Commonwealth, State Civil Service Commission, supra; Walker v. Commonwealth, Unemployment Compensation Board of Review, supra.* If the May 12th letter failed to reach counsel due to the negligence of prison personnel, the court should allow an *appeal nunc pro tunc.*

The case should be remanded for a hearing consistent with this opinion.