521 A.2d 954

**Victor M. CURTI, Jr.**

v.

**Theo M. OCHODSKI and Allegheny Mechanical Contracting, Inc., Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1986.

Filed Feb. 24, 1987.

116

William R. Bishop, Jr., Pittsburgh, for appellants.

Phillip J. Binotto, Jr., Washington, for appellee.

Before CIRILLO, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from a judgment entered in favor of appellee, Victor M. Curti, Jr. We reverse.

Appellee commenced the instant action by filing a petition for rule to show cause why appellants, Theo M. Ochodski and Allegheny Mechanical Contracting, Inc. (AMC), should not be held in civil contempt. Curti and Ochodski had been co-owners of AMC and opposing litigants in a previous lawsuit concerning the dissolution of AMC. That suit was ended through a settlement agreement entered into by the parties and approved by the trial court in a consent order. When appellants refused to disburse certain pension funds to appellee, appellee filed the instant petition averring appellants had violated the settlement agreement and requesting they be held in civil contempt. The trial court agreed and entered judgment against appellants.

Appellants raise four issues before this court: (1) the trial court erred by assuming equity jurisdiction when there was an adequate remedy at law; (2) the trial court denied appellants due process by refusing to permit their defense; (3) the trial court abused its discretion by enforcing the agreement which was fraudulently induced by appellee; and (4) the trial court erred by awarding counsel fees.

■ Initially, we note that we have stated "that the terms of a consent decree cannot be modified in the absence of fraud, accident or mistake." *Maxton v. Philadelphia Housing Authority*, 308 Pa.Super. 444, 448, 454 A.2d 618, 620 (1982). In the case before us, appellants have contended from the outset that appellee engaged in fraud and induced appellants to agree to the settlement which resulted in the consent order. After appellants discovered the alleged fraud, they refused to comply with the terms of the agreement. Under the terms of the settlement, appellants agreed to vest appellee's pension fully and return this money to him. Appellants claim they would not have so agreed absent the fraud. The trial court, however, refused to consider appellants' claim, finding appellee entitled to the money under the terms of the agreement. We find it error to have refused to consider whether the agreement was invalid due to fraud. *Commonwealth v. United States Steel Corporation*, 15 Pa.Commonwealth Ct. 184, 325 A.2d 324 (1974).

■ More importantly, appellants are correct in their argument that appellee sought the wrong relief procedurally. While consent decrees are binding on the parties and one may not flaunt the court's directives, *Advanced Management Research, Inc. v. Emanuel*, 439 Pa. 385, 266 A.2d 673 (1970), nonetheless a "consent decree is not a legal determination by the court in matters in controversy but is merely an agreement between the parties—a contract binding the parties thereto to the terms thereof." *Universal Builders Supply, Inc. v. Shaler Highlands Corp.*, 405 Pa. 259, 265, 175 A.2d 58, 61 (1961). As such, appellee's remedy was not an action for contempt but rather a proceeding under agreement.

Our decision is underlined by the fact that the settlement agreement was not incorporated directly or by reference into the consent decree. The trial judge himself stated he had no familiarity with the settlement agreement, the terms of which had been negotiated by the parties and presented to him for approval of a settlement (N.T. 5/22/86 pp.

59–60). Thus, the consent decree in the case before us is clearly distinguishable from *Pennypack Woods Home Ownership Ass'n. v. Regan,* 298 Pa.Super. 170, 444 A.2d 715 (1982) where we found the trial court fully participated in the settlement, set forth rights and obligations of the parties in the consent decree and specifically stated it would use its powers against a party who failed to carry out the decree. *See also Advanced Management,* supra (consent decree incorporated the terms of the settlement and directed it be performed).

Judgment reversed.