J-S74035-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID J. WILSON, | |
| Appellant | No. 1354 EDA 2014 |

Appeal from the PCRA Order Entered October 24, 2012
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0001279-2010

BEFORE:  BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 20, 2015**

David J. Wilson (Appellant) appeals *pro se* from the October 24, 2012 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we vacate the order of the PCRA court and remand this case for the appointment of counsel and proceedings consistent with this memorandum.

We begin the analysis of the factual and procedural histories of this case with a summary of the facts underlying Appellant's conviction for persons not to possess a firearm.

> Officer John Benozich testified that he was on patrol on September 1, 2009, with Officer Murphy when they received a radio call dispatching them to the 300 block of West Mallory for a robbery.  The radio call indicated that three black males wearing all black clothing had engaged in a robbery in which they displayed a shotgun.  Officers Benozich and Murphy were approximately one block from the area at 23rd and Wetherol at the time they received the call.

* Retired Senior Judge assigned to the Superior Court.

Approximately one minute to one and a half minutes later, Officer Benozich observed a black male wearing a dark chocolate hoody with dark color jeans. The male was Appellant. Appellant was walking towards the officers' vehicle, when Officer Benozich saw "his eyes light up as if like startled that he seen [sic] the police and then continued walking[,]" heading away from the vehicle. As Appellant was walking away from the officers' vehicle, Officer Benozich observed Appellant pull down his hood with his right hand and, at the same time, move his left hand to his side to drop a black item. Officer Benozich thought the item was a firearm. At the time Appellant dropped this item, the officers did not have lights or sirens activated on the vehicle, and they had not told him to stop.

Officer Murphy then reversed the vehicle to follow Appellant. Officer Benozich then exited the vehicle to conduct a pedestrian stop. By the time Officer Benozich approached Appellant, he was approximately 30 to 41 feet away from where he dropped the item. While Officer Benozich stopped Appellant, Officer Murphy went to retrieve the discarded item, and discovered that it was a firearm. Based upon the discovery of this firearm, Appellant was arrested.

Based on the officer's testimony, [Appellant's motion to suppress the firearm] was denied. Following a jury trial on July 7-8, 2010, Appellant was found guilty of persons not to possess firearms. The trial court sentenced Appellant to four to eight years' imprisonment. This sentence was imposed consecutively to a sentence of six to twenty-four months' imprisonment, which Appellant received in another matter after he pleaded guilty to flight to avoid apprehension, 18 Pa.C.S.[] § 5126.

*Commonwealth v. Wilson*, 40 A.3d 196 (Pa. Super. 2011) (unpublished memorandum at 1-3) (citations omitted).

On December 19, 2011, a panel of this Court affirmed Appellant's judgment of sentence. *Id*. In so doing, this Court permitted counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d (Pa. 2009).

- 2 -

On March 22, 2012, Appellant timely filed a *pro se* PCRA petition and brief in support thereof. The following day, the PCRA court appointed counsel and directed counsel to file an amended PCRA petition or no merit letter. On April 4, 2012, Appellant *pro se* filed a "'Partial' Amendment to Post Conviction Relief Petition," pending amendment "in the future by appointed counsel."

On May 8, 2012, the PCRA court granted counsel's request for additional time to file an amended PCRA petition or a no merit letter. On June 28, 2012, counsel filed an application to withdraw and a no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Therein, counsel addressed the issues raised in Appellant's initial PCRA petition and the reasons why none had merit. On June 29, 2012, the PCRA court filed a notice of intent to dismiss Appellant's PCRA petition without a hearing for the reasons set forth in counsel's **Turner**/**Finley** letter.

On July 13, 2012, Appellant filed a response to counsel's no merit letter and requested an evidentiary hearing, raising additional issues. The PCRA court forwarded Appellant's response to counsel. Counsel sent a letter to the PCRA court indicating "my legal analysis as outlined in my 6/28/12 **Finley** letter remains unchanged." Letter from Counsel to PCRA Court, 10/22/2012. On October 24, 2012, the PCRA court apparently issued an order dismissing Appellant's PCRA petition and granting counsel's application to withdraw. On the order itself, there is indication that it was sent to Appellant via certified mail; however, the docket does not reflect service upon Appellant, and the record does not contain evidence that Appellant received the order.

Nonetheless, Appellant claims that he filed a notice of appeal with the Superior Court November 24, 2012. **See** Appellant's Response to Order to Quash, 4/15/2013, at ¶ 1. On December 13, 2012, Appellant filed with the PCRA court an "application for rehearing/reargument" again raising the issues he put forward in his response to the **Turner/Finley** letter.

On February 27, 2013, Appellant learned that he no longer had an active case in the PCRA court. **See** Appellant's Response to Order to Quash, 4/15/2013, at ¶ 4. On March 20, 2013,

Appellant filed in the PCRA court a notice of appeal from the October 24, 2012 order dismissing his petition. On April 5, 2013, the PCRA court entered an order directing Appellant to file a statement of errors complained of on appeal within 21 days. The PCRA court indicates that Appellant complied by filing a statement on April 8, 2012, **see** PCRA Court Opinion, 7/23/2013, at 2 n.1; however, the certified record does not contain this statement. Based upon the PCRA court's discussion of the missing statement, Appellant raised five issues therein.

On April 2, 2013, this Court issued a rule to show cause why the appeal should not be quashed as untimely filed. Appellant timely filed a response, and the issue of the timeliness of the appeal was referred to the panel of this Court assigned to decide the merits of the appeal. On July 23, 2013, the PCRA court filed an opinion recommending that this Court treat this appeal "as a timely appeal *nunc pro tunc* from the October 24, 2012 order due to a breakdown in the operation of the courts." **Id.** at 2 (citing **Commonwealth v. Smith**, 501 A.2d 273, 275 (Pa. Super. 1985)). The PCRA court noted that, alternatively, the lack of proper notice means that the appeal period has not yet begun to run, **id.** at 2; the Commonwealth in its brief adopts this alternative view and suggests that this Court should assume jurisdiction over the appeal in the interest of judicial economy, "consistent with Pa.R.A.P. 905(a)(5)." Commonwealth's Brief at 6.

**Commonwealth v. Wilson**, 97 A.3d 806 (Pa. Super. 2014) (unpublished memorandum at 1-4).

The issue with respect to the timeliness of this appeal was resolved by this Court in a memorandum filed on February 19, 2014. **Id**. Specifically, a panel of this Court quashed Appellant's appeal concluding that "given the multiple problems with the procedure and record in this case, … interests of justice are best served by quashing this appeal." **Id**. at 7. The panel directed the Clerk of Courts of Delaware County as follows.

Upon return of the record to the PCRA court, the clerk of courts shall make the order dismissing Appellant's PCRA petition final by serving it upon Appellant and so noting on the docket as required by Pa.R.Crim.P. 114. Thereafter, Appellant may file a notice of appeal within 30 days; if so, the PCRA court may order Appellant to file with the clerk of courts and serve upon the PCRA judge a concise statement of errors pursuant to Pa.R.A.P. 1925(b).

*Id*.

The docket entries indicate that, on April 4, 2014, the Clerk of Courts served an order on Appellant; however, that order is not contained in the certified record. Nonetheless, on April 25, 2014, Appellant filed *pro se* a notice of appeal to this Court, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth inartfully a litany of issues. However, due to the nature of the defects in the certified record, we are unable to conduct meaningful review of those issues.

The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record. The emphasis on the certified record is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way

- 5 -

of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record. Simply put, if a document is not in the certified record, the Superior Court may not consider it.

This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of lacunae in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

> The certified record consists of the "original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court."

Pa.R.A.P.1921.

Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. To facilitate an appellant's ability to comply with this requirement, our Supreme Court adopted the following procedural rule effective as of June 1, 2004: The clerk of the lower court shall, at the time of the transmittal of the record to the appellate court, mail a copy of the list of record documents to all counsel of record, or if unrepresented by counsel, to the parties at the address they have provided to the clerk. The clerk shall note on the docket the giving of such notice. Pa.R.A.P.1931(d). As the explanatory comment to Rule 1931 indicates, if counsel (or a party) discovers that anything material has been omitted from the certified record, the omission can be corrected pursuant to the provisions of Rule of Appellate Procedure 1926. Under Rule 1926, an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts. Pa.R.A.P.1931.

With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P.1911(a). … When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

In the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort and manpower scouting around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts, exhibits, letters, writs or PCRA petitions that well may have been presented to the trial court but never were formally introduced and made part of the certified record. If, however, a copy of a document has been placed into the reproduced record, or if notes of testimony are cited specifically by the parties or are listed in the record inventory certified to this Court, then we have reason to believe that such evidence exists. In this type of situation, we might well make an informal inquiry to see if there was an error in transmitting the certified record to this Court. We might also formally remand the matter to the trial court to ascertain whether notes of testimony or other documentation can be located and transmitted. If a remand is necessary, it is appropriate to direct the trial court to determine why the necessary documentation was omitted from the certified record. An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an extraordinary breakdown in the judicial process. However, if the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the judgment of the court below should be affirmed.

**Commonwealth v. Preston**, 904 A.2d 1, 6-8 (Pa. Super. 2006) (*en banc*)

(citations and quotations omitted).

Instantly, we are perplexed by the number and type of documents missing from the certified record in the instant case, particularly in light of the fact that this case has been to this Court twice before, and some of those documents were previously included. The missing documents include, but are not limited to: 1) Appellant's *pro se* PCRA petition; 2) jury trial transcripts; 3) pre-sentence hearing transcript; 4) sentencing transcript; 5) affidavit of probable cause; 6) trial court opinion; 7) copies of pre-trial motions; 8) Appellant's partial amendment to the PCRA petition filed on April 4, 2012; 9) Appellant's *pro se* application for credit for time served filed on September 12, 2012; 10) the Rule 907 notice; 11) any order dismissing the PCRA petition; 12) Appellant's *pro se* brief in opposition to PCRA counsel's no-merit letter filed on July 13, 2012; and 13) counsel's response to Appellant's response to the no-merit letter.

Because of these deficiencies, this Court went above and beyond the call of duty and made an informal request to the Clerk of Courts of Delaware County to recover these documents. Consequently, on December 18, 2014, the Clerk of Courts transmitted a supplemental record. That record included the jury verdict slip from July 8, 2010 and PCRA counsel's no-merit letter filed on June 28, 2012. None of the other aforementioned documents or transcripts was included.

Because Appellant is acting *pro se* and is currently incarcerated, we conclude that "the failure to transmit the entire record was caused by an

extraordinary breakdown in the judicial process." **Preston**, 904 A.2d at 8.[1]

Moreover, we cannot see how these severe deficiencies could possibly be remedied by Appellant at this point without the appointment of counsel to aid him. **See** Pa.R.Crim.P. 904(E) ("The judge shall appoint counsel to represent a defendant whenever the interests of justice require it[.]"). As such, we remand this case to the PCRA court for appointment of counsel and completion of the record. After reviewing all of the documents and all of the issues Appellant has set forth, counsel shall either amend the PCRA petition or file a no-merit letter pursuant to **Turner**/**Finley**. We direct the PCRA court, the Clerk of Courts, and new counsel to ensure that any of the documents set forth on the list of docket entries is included in the certified record in the event that this Court is required to conduct further review in a subsequent appeal.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[1] Even the PCRA court acknowledged that there have been breakdowns in the judicial process. For example, on July 17, 2013, the PCRA court filed an opinion "recommending that the Superior Court treat [Appellant's first] appeal…as timely *nunc pro tunc*." PCRA Court Opinion, 7/23/2013, at 1. However, we cannot discern the exact reasoning for the PCRA court's suggestion, as the July 17, 2013 opinion is not contained in the certified record.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2015