J-S66006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUAN WATSON, | |
| Appellant | No. 1659 WDA 2016 |

Appeal from the Order Entered September 8, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-CR-0000142-2015

BEFORE:  BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                 **FILED JANUARY 23, 2018**

Appellant, Juan Watson, appeals from an order entered on September 8, 2016, which denied his *pro se* "Motion to Withdraw Plea/Ineffective Counsel."  Appellant's counsel, Mark J. Shire, Esq., seeks permission to withdraw from representing Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we vacate the at-issue order, remand for further proceedings, and deny counsel's petition to withdraw.

We need not detail the facts underlying Appellant's conviction, as doing so is unnecessary to our disposition of his appeal.  We only note that on March 31, 2016, Appellant pled guilty to possession of a firearm by a

_____

[*] Retired Senior Judge assigned to the Superior Court.

person prohibited, 18 Pa.C.S. § 6105(a)(1). In accordance with the negotiated plea agreement, he was sentenced that same day to a term of 5 to 10 years' incarceration.

Appellant had until Monday, April 11, 2016, to file a timely, post-sentence motion. **See** Pa.R.Crim.P. 720(A)(1) (requiring a post-sentence motion to "be filed no later than 10 days after imposition of sentence").[1] However, it was not until April 18, 2016, that Appellant filed a *pro se* document entitled, "Post Sentence Modify Sentence." Because Appellant's post-sentence motion was untimely, it did not toll the 30-day time-period for seeking review with this Court. **See** Pa.R.Crim.P. 720(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence…."). Consequently, Appellant's judgment of sentence became final on Monday, May 2, 2016.[2]

_____

[1] We recognize that the written sentencing order was not entered on the trial court's docket until April 13, 2016. However, this Court has held "that for purposes of Rule 720(A)(1), regardless of the date the sentence was entered on the docket, a written post-sentence motion must be filed no later than 10 days after the date of imposition of sentence." **Commonwealth v. Green**, 862 A.2d 613, 617 (Pa. Super. 2004). In other words, "[i]f for some reason, the sentence was not entered on the docket the day the sentence was imposed, a defendant who wishes to file a post-sentence motion must still do so no later than 10 days after the date of imposition of sentence." **Id.** We also point out that at the plea/sentencing proceeding on March 31, 2016, the court informed Appellant that he must file a written post-sentence motion "within 10 days of today," and Appellant stated that he understood. N.T. Plea/Sentencing Hearing, 3/31/16, at 11.

[2] Technically, 30 days from March 31, 2016, was Saturday, April 30, 2016. However, whenever the last day of any period of time referred to in a

*(Footnote Continued Next Page)*

On May 10, 2016, Appellant filed another *pro se* document, this one entitled, "Motion to Withdraw Plea/Ineffective Counsel." Therefore, Appellant asserted that his plea counsel had acted ineffectively, and that his sentence is illegal. Notably, this motion was filed after Appellant's judgment of sentence became final and, in it, Appellant asserted claims cognizable under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Therefore, the trial court should have treated Appellant's May 10, 2016 motion as a PCRA petition, and ascertained if he was entitled to court-appointed counsel under Pa.R.Crim.P. 904(C). ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) ("[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA petitions.") (citing ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007)); ***see also Commonwealth v. Evans***, 866 A.2d 442, 444 (Pa. Super. 2005) (declaring that there is "a long line of Pennsylvania precedent requiring unequivocally that prisoners seeking post-conviction relief by whatever name be afforded the assistance of counsel") (citations omitted).

Instead, however, the trial court took no action on Appellant's May 10, 2016 motion, and the motion was eventually denied by operation of law in the order entered on September 8, 2016. On October 6, 2016, Appellant

*(Footnote Continued)* ───────────────

statute falls on a Saturday or Sunday, or any legal holiday in this Commonwealth, that day shall be omitted from the computation of time. ***See*** 1 Pa.C.S. § 1908. Therefore, we omit Saturday, April 30th, and Sunday, May 1st, from our computation of Appellant's 30-day appeal period.

filed a petition for the appointment of counsel. On October 7, 2016, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within thirty days, despite that Appellant had not yet filed a notice of appeal.

Then, to add further confusion to this case, the court issued an order on October 13, 2016, granting Appellant's petition for the appointment of counsel, and naming Joshua Camson, Esq., as Appellant's attorney. However, Attorney Camson took no immediate action on Appellant's behalf. On October 25, 2016, Appellant filed a *pro se* notice of appeal from the September 8, 2016 order, which denied what was essentially his first, timely filed PCRA petition.

On January 4, 2017, Attorney Camson filed with this Court a petition to withdraw as Appellant's counsel. On January 12, 2017, this Court issued a *per curiam* order granting counsel's petition to withdraw, and appointing Molly Maguire Gaussa, Esq., to represent Appellant. However, Attorney Gaussa ultimately failed to file a brief on Appellant's behalf and, thus, we issued a *per curiam* order dismissing his appeal on May 18, 2017. On May 30, 2017, Attorney Shire, who was privately retained by Appellant, entered his appearance on Appellant's behalf. That same day, Attorney Shire filed an application to reinstate this appeal, which we granted on June 8, 2017. However, on July 11, 2017, Attorney Shire filed a petition to withdraw and an **Anders** brief with this Court, addressing the alleged frivolity of six issues that Appellant seeks to raise herein.

- 4 -

Before we can examine counsel's petition to withdraw, or Appellant's underlying claims, we initially must address the fact that Appellant's October 25, 2016 notice of appeal was filed beyond 30 days after the September 8, 2016 order from which he is appealing. "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007) (citation omitted).

> Generally, an appellate court cannot extend the time for filing an appeal. **Commonwealth v. Braykovich**, 444 Pa. Super. 397, 664 A.2d 133, 136 (1995), citing Pa.R.A.P. 105(b); **Commonwealth v. Smith**, 348 Pa. Super. 10, 501 A.2d 273, 275 (1985) (stating "[a] court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence"). Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court. **See Braykovich, supra** at 136, citing Pa.R.A.P. 105, Explanatory Note; **Smith, supra** at 275. Thus, before our Court may quash the instant appeal, we must determine whether an administrative breakdown in the court system excuses the untimely filing of the notice of appeal.

**Patterson**, 940 A.2d at 498.

Here, based on the convoluted procedural history of this case, we conclude that the untimeliness of Appellant's appeal was due to a breakdown in the operation of the court. Namely, the trial court did not treat Appellant's May 10, 2016 motion as a PCRA petition, and it failed to immediately appoint him counsel as required by Pa.R.Crim.P. 904(C).[3] **See**

---

[3] Rule 904 requires that counsel be appointed "when an unrepresented defendant satisfies the judge that [he] is unable to afford or otherwise
*(Footnote Continued Next Page)*

- 5 -

*also Commonwealth v. Albrecht*, 720 A.2d 693 (Pa. 1998) (holding that an unrepresented petitioner who is indigent has the right to court-appointed counsel to represent him on his first PCRA petition).  Instead, the trial court did not appoint Appellant an attorney until October 13, 2016, which was after the 30-day appeal period from the court's September 8, 2016 order had lapsed.  Because the court's error in this regard denied Appellant his right to counsel in litigating his first PCRA petition, we excuse the untimeliness of Appellant's *pro se* notice of appeal.

Having determined that we have jurisdiction over this appeal, it is apparent that the court's September 8, 2016 order must be vacated, as it effectively denied Appellant's first PCRA petition without affording him his right to counsel.  *See Commonwealth v. Kutnyak*, 781 A.2d 1259, 1262 (Pa. Super. 2001) ("The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel.") (citation omitted).  Accordingly, we vacate the trial court's September 8, 2016 order, and remand for the court to treat Appellant's May 10, 2016 motion as a timely-filed PCRA petition.  The court shall also ascertain if Appellant is entitled to

_(Footnote Continued)_ ─────────────────

procure counsel…."  Pa.R.Crim.P. 904(C).  Here, after Appellant's May 10, 2016 PCRA petition was denied, the court appointed him an attorney, and it also granted his application to proceed *in forma pauperis*.  Thus, it appears that the court deemed Appellant indigent, and concluded that he is entitled to court-appointed representation; however, the court erred by not appointing counsel immediately after Appellant's May 10, 2016 petition was filed.

court-appointed counsel. In the meantime, we deny Appellant's current, privately-retained counsel's petition to withdraw, without prejudice to counsel's right to petition to withdraw before the trial court, if Appellant is determined to be entitled to court-appointed representation.

Order vacated. Case remanded for further proceedings. Petition to withdraw denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/23/2018