J-S11021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
AILEAF ASHFORD :
:
Appellant : No. 2518 EDA 2018

Appeal from the PCRA Order Entered June 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0502211-1999

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 21, 2019**

Aileaf Ashford (Appellant) appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. For the reasons that follow, we quash this appeal.

On August 23, 2000, a jury found Appellant guilty of first-degree murder and possession of instruments of crime. Following a sentencing hearing, the trial court sentenced Appellant to life imprisonment without the possibility of parole. On December 29, 2001, this Court affirmed Appellant's judgment of sentence and on May 2, 2002, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

On August 30, 2012, Appellant filed the underlying PCRA petition, *pro se*, in which he sought relief based on the United States Supreme Court's

decision in *Miller v. Alabama*, 567 U.S. 460 (2012).[1]  On April 26, 2018, the PCRA court issued notice pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure of its intent to dismiss Appellant's PCRA petition as untimely.  On June 5, 2018, the PCRA court formally dismissed Appellant's PCRA petition.[2]

On June 18, 2018, Appellant filed a motion for an extension of time to file a notice of appeal.  Appellant sought additional time to file his appeal based on his perceived need to conduct legal research on his *Miller* claim prior to filing a notice of appeal.  The PCRA court did not rule on the motion.  On August 21, 2018, Appellant filed a notice of appeal from the order denying his PCRA petition.

Prior to addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction.  "It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*." *Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011).

---

[1] In *Miller*, the United States Supreme Court held that sentences of "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  *Miller*, 567 U.S. at 465.  Later, in *Montgomery v. Louisiana*, --- U.S. ---, 136 S. Ct. 718 (2016), the Supreme Court held that *Miller* applied retroactively to juvenile offenders on collateral review.  *Id.* at 736.

[2] It is unclear from the record why it took the PCRA court almost six years to dispose of Appellant's PCRA petition.

On October 9, 2018, this Court issued a rule to show cause as to "why this appeal should not be quashed as untimely filed on August 21, 2018, from the denial of the petition for post-conviction relief on June 5, 2018." Order, 10/9/18. In his response to our rule to show cause, Appellant stated that because he had filed a motion for an extension of time for filing his notice of appeal, he "was of the mindset that he had until August 20, 2018[] to submit his notice of appeal[,]" even though the PCRA court never granted him an extension. Response to Rule to Show Cause, 10/22/18.

Appellant is mistaken. Rule 903 of the Pennsylvania Rules of Appellate Procedure states that "the notice of appeal required by Rule 902 (manner of taking appeal) **shall** be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a) (emphasis added). "Generally, an appellate court cannot extend the time for filing an appeal." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007); *see also Commonwealth v. Smith*, 501 A.2d 273, 275 (Pa. Super. 1985) (stating that "[a] court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence"); Pa.R.A.P. 105(b) ("the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review").

"Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Patterson*, 940 A.2d at 498. "The courts of this Commonwealth have held

that a court breakdown occurred in instances where the trial court . . . either failed to advise Appellant of his post-sentence and appellate rights or misadvised him." *Id.* We have also explained that an appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court." *Commonwealth v. Leatherby*, 116 A.3d 73, 79 (Pa. Super. 2015).

Instantly, there is no dispute that Appellant did not file his notice of appeal within 30 days of June 5, 2018, the date the PCRA court dismissed his PCRA petition. Instead, Appellant assumed that because he requested additional time to file his notice of appeal, he was entitled to an extension. It is well-settled that the PCRA court could not have granted Appellant the extension he sought. *See Patterson*, 940 A.2d at 498; *Smith*, 501 A.2d at 275; Pa.R.A.P. 105(b). Further, Appellant points to no fraud or breakdown in the court system that would permit us to grant relief. In sum, Appellant did not file a timely notice of appeal, and we are without jurisdiction to proceed further.[3]

Appeal quashed.

---

[3] Even if Appellant had timely filed his notice of appeal, we would affirm the dismissal of his PCRA petition. Appellant sought relief under *Miller*, but that decision is not applicable to Appellant because he was not a juvenile at the time of the murder. *See Miller*, 567 U.S. at 465.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/19