J-S22015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS STUART KING | : | |
| | : | |
| Appellant | : | No. 293 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 1, 2017
In the Court of Common Pleas of Fulton County Criminal Division at
No(s):  CP-29-CR-0000070-2016

BEFORE:   PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED DECEMBER 13, 2021**

Thomas Stuart King (King) appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Fulton County on November 1, 2017, following his guilty plea to eight counts of aggravated assault and one count of indecent exposure.  Additionally, King's court-appointed counsel seeks to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Because counsel has complied with the requirements of **Anders**, we grant counsel leave to withdraw and affirm the judgment of sentence.

On November 1, 2017, King entered a guilty plea to eight counts of aggravated assault and one count of indecent exposure.  That same day, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

court imposed a negotiated sentence of twenty-two and one-half to forty-five years' imprisonment. King did not file any post-sentence motions.

On December 1, 2017, King filed a timely notice of appeal, claiming he was coerced into pleading guilty on the morning of trial. However, we later dismissed King's appeal for failure to file a brief. King subsequently filed a *pro se* Post-Conviction Relief Act[1] (PCRA) petition. Counsel was appointed and later filed a **Finley**[2] no-merit letter and a petition to withdraw as counsel based on the untimeliness of the PCRA petition. The PCRA court permitted counsel to withdraw and later dismissed the PCRA petition. On appeal, we reversed and remanded for reinstatement of King's direct appeal rights after finding the PCRA petition had, in fact, been timely. *See Commonwealth v. King*, 1703 MDA 2020 (Pa. Super. Dec. 16, 2020) (unpublished memorandum).

On January 6, 2021, the trial court reinstated King's direct appeal rights *nunc pro tunc* and appointed counsel to represent King on appeal. The trial court gave King 30 days within which to appeal. On February 4, 2021, counsel filed a motion for an extension of time. *See* Motion To Extend Time, 2/4/2021. The trial court granted the extension, giving counsel 30 days to file a notice

---

[1] 42 Pa. C.S.A. §§ 9541-9546.

[2] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

of appeal. *See* Trial Court Order, 2/9/2021,[3] at 1. On March 4, 2021, counsel filed a notice of appeal. On March 26, 2021, counsel filed a concise statement pursuant to Pa.R.A.P. 1925(b), asserting appellant's guilty plea was involuntary and unknowing. Counsel later filed a petition to withdraw with an attendant *Anders* brief.

## I.

When counsel files an *Anders* petition and brief, a review thereof is an essential part of the determination as to whether the appeal is, in fact, untimely; whether the reviewing court lacks jurisdiction; and whether the appeal should be entertained or quashed. *See Commonwealth v. Millisock*,

---

[3] The trial court order granting the extension of time is hand-dated February 5, 2021. However, the order was not time-stamped as filed until February 9, 2021. No one is contending that the order granting the extension was not filed on February 5, 2021, within the 30 days for taking the appeal. Nor is anyone contending that that the appeal is untimely or that we lack jurisdiction over this appeal. However, we note that the trial court, absent a grant of reconsideration of the order within the time for taking the appeal, is without power to reset the time for taking an appeal. *See Commonwealth v. Smith*, 501 A.2d 273, 275 (Pa. Super. 1985) ("A court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence."). Yet, in this case, because the order granting the extension of time to take an appeal was filed within the appeal period and if not granted would have allowed King's counsel to file a timely one sentence notice of appeal, the granting of the petition fell under the ambit of a court's "misstatement of the appeal period." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa. Super. 2001). In purporting to "grant" King's petition, the trial court necessarily conveyed, incorrectly, that the appeal period could be extended. *See id*.; *see also Commonwealth v. Anwyll*, 482 A.2d 656, 657 (Pa. Super. 1984) ("Given the trial court's misstatement of the appeal period, appellant's failure to appeal on time would appear to be the result of a breakdown in the court's operation."). Accordingly, we have jurisdiction to hear this appeal.

873 A.2d 748, 750–52 (Pa. Super 2005) (remanding for an appropriate *Anders* brief despite preliminary determinations that the appeal was untimely).

> To withdraw pursuant to *Anders*, counsel must:
>
> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [Anders] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of *Anders*, counsel inform the appellant of his or her rights in light of counsel's withdrawal, and this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Millisock*, *supra* at 752.

> An *Anders* brief must comply with the following requirements:
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy *Anders*, we will then undertake our own review of

the appeal to determine if it is wholly frivolous." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

Counsel has complied with Anders' procedural requirements. Counsel has provided King with a letter advising him of his rights outlined in **Millisock**, which is attached to counsel's withdrawal petition. Counsel has also substantially complied with the requirements set forth in **Commonwealth v. Santiago**, **supra**, setting forth the procedural history and addressing the legal issues before us. We will now proceed to make an independent review of whether King's appeal is frivolous.

## II.

The sole issue that King makes on appeal is that he was coerced into entering a guilty plea because the trial court refused his request for additional time to prepare for trial, leaving him no option but to plead guilty in accordance with a previous plea offer tendered by the Commonwealth that would have made the sentence in this case run concurrently with other sentences for which he was incarcerated.

Initially, we point out that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citation omitted). "Failure to employ either measure results in waiver." **Id.** at 610.

Here, King did not file a post-sentence motion and did not raise any claim regarding the voluntariness of his plea during the plea colloquy. Moreover, while King sought and was granted reinstatement of his direct appeal rights, he did not seek reinstatement of his right to file a post-sentence motion. Therefore, King waived his challenge to his guilty plea by failing to preserve the argument. *Id.*

In *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015), our Supreme Court, breaking with prior precedent, set forth the standards by which trial courts were to determine if guilty pleas should be withdrawn. It held that a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea. Instead, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Id.* at 1292. It outlined that the correct inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.*; *see also Commonwealth v. Hvizda*, 116 A.3d 1103 (2015) (companion case to *Carrasquillo*).

Where the request to withdraw a guilty plea before sentencing can be granted if it does not substantially prejudice the Commonwealth, "[p]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A

defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea." ***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) (internal citations and quotations omitted). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Gunter***, 771 A.2d 767, 771 (Pa. 2001).

To insure that a guilty plea is knowingly, voluntarily and intelligently entered, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that the court conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. The trial court conducted a lengthy colloquy, set forth in its opinion, which shows that King's plea was not entered into under duress or coercion. As the trial court found, and with which we agree:

> In the instant case, [King] avers that this Court "made an error of law or abused its discretion when it refused King's request for additional time to prepare for trial." (Notice of Appeal, at 1). [King] asserts that "he was coerced into entering his guilty pleas and put under sufficient duress as to leave him not [sic] option but to pleas [sic] guilty in accordance with a previous plea offer tendered by the Commonwealth." (***Id.***). [King] therefore argues that "his pleas were not knowingly and voluntarily entered." (***Id.*** at 1-2).
>
> This Court is not persuaded that the averments made by [King] regarding his plea of guilty results in a manifest injustice necessitating correction. Immediately preceding [King's] entry of a guilty plea, this Court conducted an on-the-record colloquy, eliciting from [King] the information outlined in Pa.R.Crim.P. Rule 590; the responses of [King] clearly indicate that [King] was not only aware of his rights, but also aware of the consequences of his plea. Indeed, [King] agreed he had not been promised

anything in return for his plea of guilty, acknowledged the permissible range of penalty for each offense, and agreed to the combined sentence that is to run concurrent with the sentence previously imposed upon him at criminal docket 47 of 2016. (See T.P. Guilty Plea and Sentencing, at 15-19). This Court further notes that, in the few instances where [King] employed arguable ambiguous language, this Court further questioned [King] to elicit clear and unequivocal responses.

In his Notice of Appeal, [King] offers no argument or authority to support the proposition that his plea was elicited under duress and therefore merits a finding of manifest justice. Moreover, [King] makes no assertions as to his innocence, nor does he claim the statements he made on the record justifying his guilty plea are false or misleading. (internal citations omitted.)

Accordingly, holding that King's appeal is wholly frivolous, we grant counsel's petition to withdraw and affirm the trial court's decision.

Petition to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2021

- 8 -